IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK DITTO and JULIE DITTO, husband and wife,<br><br>    Plaintiffs,<br><br>  v.<br><br>JP MORGAN CHASE N.A., LONG BEACH MORTGAGE COMPANY, CALIFORNIA RECONVEYANCE, and DOES 1–10,<br><br>    Defendants.<br>_____ / | No. C 10-03979 WHA<br><br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |

## INTRODUCTION

In this mortgage loan dispute, defendants JPMorgan Chase Bank, N.A. and California Reconveyance Company move to dismiss the complaint for failure to state a claim pursuant to FRCP 12(b)(6). This motion is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

Plaintiffs Frank Ditto and Julie Ditto commenced this action in September 2010, asserting seven claims against defendants: (1) wrongful foreclosure; (2) negligence; (3) unfair trade practices; (4) violation of the Fair Credit Reporting Act; (5) violation of the Truth in Lending Act; (6) intentional infliction of emotional distress; and (7) injunctive relief. The factual allegations pled in support of these claims were copied verbatim from a complaint plaintiffs had filed in California state court more than two years earlier. The state court action, CGC-08-484197, was

filed in Alameda County. Six of these seven claims (all except wrongful foreclosure) were recited as causes of action in the state court complaint as well. The state court action concluded in September 2010, with summary judgment entered against plaintiffs.

The factual allegations plaintiffs state in both complaints include the following. Plaintiffs are husband and wife, both residing in the Oakland property that is the subject of this action. Plaintiffs acquired this property with two purchase money loans they obtained in June 2005. Plaintiffs also executed promissory notes and security agreements in favor of defendant Long Beach Mortgage Company at that time. A notice of default was filed in March 2008. Required disclosures were not provided to plaintiffs when the loans were originated and when default was noticed, and the required procedures for contacting defendants were not followed. Defendants defrauded plaintiffs by intentionally misrepresenting facts and inaccurately accounting for payments, interest, and fees on the loan accounts.

The involvement of the various defendants with these loans is somewhat complex, but defendants have submitted exhibits documenting the relevant history. Because all these documents are matters of public record, defendants' request for judicial notice is **GRANTED**. Defendant Long Beach originated the Ditto loans. Each of the two loans was secured by a deed of trust that identified Long Beach as the trustee. Defendant California Reconveyance Company was substituted as trustee on one of these deeds of trust in July 2008; as trustee, California Reconveyance issued a notice of default and a notice of trustee's sale in 2008. Defendant JPMorgan, on the other hand, is several steps further removed. In September 2008, JPMorgan purchased a set of assets and liabilities from the FDIC. These assets and liabilities formerly had belonged to Washington Mutual Bank and were acquired by the FDIC as receiver when Washington Mutual became insolvent. Washington mutual had acquired Long Beach's interest in the Ditto loans, and this interest was included in the assets JPMorgan purchased from the FDIC.

Long Beach was a named defendant in the state court action. During the pendency of that action, however, the FDIC was acting as receiver of Washington Mutual's assets, including the interest in the loans that Washington Mutual had acquired from Long Beach. Accordingly, the state court substituted the FDIC as receiver in place of Long Beach as a defendant in that action.

2

In granting summary judgment in favor of the FDIC and against plaintiffs, the state court found that because plaintiffs failed to exhaust their mandatory administrative remedies pursuant to 12 U.S.C. 1821(d)(3)–(d)(10), there was no subject-matter jurisdiction over plaintiffs' causes of action and therefore no issue of triable fact. This federal action was then commenced against JPMorgan, Long Beach, and California Reconveyance.

Defendants filed the instant motion to dismiss on November 10, 2010. The motion was set for hearing on December 16, 2010, meaning that the deadline for plaintiffs to file an opposition or statement of non-opposition was November 25. No such filing was timely made. An order to show cause for failure to respond was issued on November 30. Plaintiffs' counsel filed a response explaining that the emergency medical needs of his ex-wife (who resides with him) caused the failure to respond. To accommodate plaintiffs' counsel's family obligations, the briefing and hearing schedule was continued by two weeks. Opposition and reply briefs were timely filed on the new schedule, and a hearing was held on January 6, 2011.

**ANALYSIS**

Movants advance several alternative arguments as to why the action or certain portions of it should be dismissed. Each argument will be addressed separately.

**1.     Res Judicata**

Movants first argue that the entire action is barred by the doctrine of res judicata. The doctrine of res judicata, also known as claim preclusion, dictates that a final judgment on the merits of an action precludes the parties to that action or their privies from relitigating claims that were or could have been raised in that action. *San Remo Hotel, L.P. v. City and County of San Francisco,* 545 U.S. 323, 336 n.16 (2005). Because the state court action on which movants base their argument did not produce a final judgment *on the merits*, the doctrine of res judicata does not apply to block the current complaint.

If the former judgment is a state court judgment, then federal courts must apply the res judicata rules of the state that rendered the underlying judgment. *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007). Here, defendants' res judicata defense arises from prior litigation in California state court, so California's res judicata rules apply. In California, res

judicata or claim preclusion applies when (1) the decision in the prior proceeding is final and on the merits, (2) the present proceeding is on the same cause of action as the prior proceeding, and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding. *Planning and Conservation League v. Castaic Lake Water Agency*, 103 Cal. Rptr. 3d 124, 139 (Cal. Ct. App. 2009). "A judgment is on the merits for purposes of res judicata if the substance of the claim is tried and determined." *Johnson v. City of Loma Linda,* 5 P.3d 874, 884 (Cal. 2000) (internal quotations omitted). In particular, a judgment is on the merits if the substance of a claim was tried and determined by way of summary judgment. *Burdette v. Carrier Corp.*, 71 Cal. Rptr. 3d 185, 196 (Cal. Ct. App. 2008). Here, the state court entered a summary judgment order against plaintiffs, but this unusual order did not reach the merits of the complaint; instead, it found that the court "lacks subject matter jurisdiction over this action because the Plaintiffs failed to exhaust their mandatory administrative remedies" (Dkt. No. 14 Exh. 11 at 4). Without agreeing or disagreeing with the state court's finding that it lacked subject-matter jurisdiction, this order finds that the summary judgment order entered in the state court action was not "on the merits" as required by the doctrine of res judicata. Movants' argument that this order has a preclusive effect on the current action fails on that basis. Accordingly, the motion to dismiss the entire action as precluded by the doctrine of res judicata is **DENIED**. This order need not reach movants' arguments regarding identity of claims and privity of parties between the two actions. The Court is disappointed that bank counsel would try to overreach on this issue.

**2.    Standing**

Movants also argue that all claims should be dismissed as to plaintiff Julie Ditto because she lacks standing to bring the action. Here, movants are correct.

Under California law, a plaintiff must be a "real party in interest" with respect to the claim sued upon. CAL. CIV. PROC. CODE § 367. Generally, a real party in interest is the person who owns or holds title to the claim or property involved. The purpose of the real party in interest requirement is to assure that any judgment rendered will bar the owner of the claim sued upon from re-litigating the action. *Cloud v. Northrop Grumman Corp.*, 79 Cal. Rptr. 2d 544,

4

1  67 Cal. App. 4th 995, 1004 (Cal. Ct. App. 1998). When a lawsuit is based upon a contract, only
2  the contracting parties and any intended beneficiaries of that contract are real parties in interest.
3  While an intended beneficiary need not be named as such in the contract, the contracting parties'
4  intent to benefit that person must appear in the terms of the agreement. *Schauer v. Mandarin*
5  *Gems of Cal., Inc.*, 23 Cal. Rptr. 3d 233, 238–240 (Cal. Ct. App. 2005).

6  The instant action is based upon a pair of mortgage loans and their accompanying deeds of
7  trust. Julie Ditto is not named in any of those instruments, and she conveyed her ownership
8  interest in the subject property to Frank Ditto by way of an interspousal transfer deed executed in
9  June 2005 (Dkt. No. 14 Exh. 2–4). Because Julie Ditto is neither an owner of the subject property
10 nor a borrower on the subject loans, she is not a real party in interest and therefore lacks standing
11 to bring the claims in the instant action, all of which are based on the Ditto loans. Plaintiffs'
12 opposition to the instant motion does not address the issue of Julie Ditto's standing.[1]
13 Accordingly, the motion to dismiss plaintiff Julie Ditto for lack of standing is **GRANTED**.

**3.     Liability**

Movants argue that claims based on the subject loans cannot be stated against defendant JPMorgan because JPMorgan did not assume liability for borrower claims related to the loans when it acquired the loan-related assets from the FDIC. The relevant portion of the purchase and assumption agreement provides:

> any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower . . . related in any way to any loan or commitment to lend made by the Failed Bank prior to failure, or to any loan made by a third party in connection with a loan which is or was held by the Failed Bank, or otherwise arising in connection with the Failed Bank's lending or loan purchase activities are specifically not assumed by the Assuming Bank.

(Dkt. No. 14 Exh. 9 at 9). Movants' interpretation of this provision is correct. JPMorgan did not assume any liability with respect to the Ditto loans when it acquired Washington Mutual's

---

[1] Plaintiffs filed a nine-page opposition brief on December 9, 2010, which was the deadline for filing an opposition under the delayed briefing schedule ordered for plaintiffs' counsel's benefit (Dkt. No. 24). This brief does not address the standing issue. On January 5, 2011, the day before the hearing, plaintiffs filed a sixteen-page version of the opposition brief that does address the standing issue. This filing was made without leave, and no request for leave to file the lengthier opposition brief has been made. Because this filing was untimely and improper, the lengthier opposition brief need not be considered.

5

interest in those loans from the FDIC. All liability remained with the FDIC, and as a result, no claim based on the Ditto loans can be stated against JPMorgan. Plaintiffs's opposition brief does not address this argument, but it does state that "plaintiffs are prepared to dismiss any portion of the complaint which are not applicable based on the purchase and assumption agreement with FDIC" [*sic*] (Opp. 8). Accordingly, the motion to dismiss all claims against JPMorgan is **GRANTED**.

**4.     Pleadings**

Movants argue that none of the claims asserted in the complaint have been adequately pled. Plaintiffs' opposition does not address any of these arguments. Each of the seven claims asserted in the complaint will be considered separately.

**A.     Wrongful Foreclosure**

Plaintiffs assert a claim for "wrongful foreclosure in violation of California Civil Code Section 2923.5" and other related statutes (Compl. 7). These statutes were enacted at the outset of the current recession in response to the skyrocketing residential property foreclosure rates in California. Under Section 2923.5, a notice of default may not be issued unless a variety of efforts have been made to contact the borrower in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. CAL. CIV. CODE § 2923.5. Movants advance two arguments as to why plaintiffs have failed to state a claim for wrongful disclosure, but neither argument is persuasive.

*First*, movants argue that Section 2923.5 does not apply to the Dittos' grievances because that section "was not operative at the time the Notice of Default purportedly at issue was recorded" (Br. 7). Movants correctly note (albeit misstating the exact dates) that Section 2923.5 became effective in July 2008 and operative in September 2008, six months after the Ditto notice of default was recorded. But this information is irrelevant. By its terms, Section 2923.5 applies "to mortgages or deeds of trust recorded from January 1, 2003, to December 31, 2007." Section 2923.5(i). The Ditto deeds of trust were recorded in June 2005, squarely within this time frame (Dkt. No. 14 Exh. 3–4). Thus, any notice of default issued as to the Ditto loans must comply with the procedural requirements imposed by Section 2923.5.

6

*Second*, movants argue that the wrongful foreclosure claim fails because "a condition precedent to 'any cause of action' arising from an alleged wrongful foreclosure is that the borrower must tender or offer to tender a sum sufficient to cure the default," and no such tender allegation is made in the complaint (Br. 8). Movants rely exclusively on California case law from the 1970s and 1980s in their attempt to establish this tender requirement. Because the wrongful foreclosure claim is brought under a 2008 statute aimed at a contemporary problem, it would be improper to read additional requirements into the statute from thirty-year-old decisions that could not have anticipated — much less addressed — the present statute and factual circumstances. Section 2923.5 imposes procedural obligations on those wishing to notice default without imposing any tender requirement on the defaulter. Thus, a failure to allege tender does not defeat a Section 2923.5 claim for wrongful foreclosure. The motion to dismiss the wrongful foreclosure claim is **DENIED**.

### B. Negligence

Plaintiffs assert their negligence claim only against defendant JPMorgan (Compl. 8–9). Because this order already has dismissed JPMorgan from the action, this claim need not be addressed. The motion to dismiss the negligence claim is **DENIED AS MOOT**.

### C. Unfair Trade Practices

Plaintiffs assert a claim against all defendants for unfair trade practices under Section 17200 of the California Business and Professions Code (Compl. 9–10). A private person now has standing to sue for unfair competition under Section 17200 only if he or she "has suffered injury in fact and has lost money or property as a result of such unfair competition." CAL BUS. & PROF. CODE § 17204; *Californians for Disability Rights v. Mervyn's, LLC*, 138 P.3d 207, 209 (Cal. 2006). As movants point out, the complaint remarkably fails to allege that plaintiffs have "lost money or property" as a result of defendants' alleged wrongs. The subject property has not yet been sold, so the Dittos have not lost their home as a result of defendants' alleged misconduct, and the complaint no monetary loss either. The complaint catalogues defendants' alleged failures to make required disclosures and inquiries at various stages in the history of the loans, and it identifies a smattering of laws that these failures allegedly violate, but nowhere does the

7

complaint allege that defendants' acts or omissions have caused the Dittos to lose money or property. Accordingly, the complaint fails to establish that plaintiffs have standing to bring a Section 17200 claim. The motion to dismiss the unfair trade practices claim is **GRANTED** without prejudice to Frank Ditto seeking leave to amend his complaint. Movants' other grounds for dismissing this claim need not be reached.

### D. Fair Credit Reporting Act

Plaintiffs assert a claim for violation of the Fair Credit Reporting act, as codified at 15 U.S.C. 1681 (Compl. 10). Movants argue that this claim is time-barred. Movants are correct, but for reasons other than those stated in their brief. An action under the Fair Credit Reporting Act may be brought "not later than the earlier of-- (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. 1681p. The instant complaint does not disclose when plaintiffs first discovered the alleged violations that form the basis for this claim. That discovery, however, must have predated the filing of plaintiffs' state court complaint, because the stat court complaint contains the exact same claim and supporting allegations for violation of the Fair Credit Reporting Act as set forth in the instant complaint (Dkt. No. 14 Exh. 10 at 16). The state court complaint was filed on June 12, 2008. The instant action was filed on September 3, 2010. Plaintiffs knew of the alleged violations that form the basis for this claim for more than two years before bringing this action, so the claim is time-barred. The motion to dismiss the claim for violation of the Fair Credit Reporting Act is **GRANTED**. Movants' other grounds for dismissing this claim need not be reached.

### E. Truth in Lending Act

Plaintiffs assert a claim for violation of the Truth In Lending Act based on defendants' alleged failures to make required disclosures and to manage the Ditto loans in compliance with various requirements of 12 C.F.R. 226 (Compl. 10–11). Movants attack this claim from multiple angles.

*First*, movants argue that no claim for violation of the Truth in Lending Act can be stated against defendant California Reconveyance because that party was neither a lender nor an

8

assignee of the lender. Here, movants are correct. California Reconveyance holds the subject property in trust under the deed of trust securing the first Ditto mortgage loan, and in this role, California Reconveyance has issued notices of default and of trustee sale (Dkt. No. 14 Exh. 6–8). California Reconveyance may be responsible for the wrongs allegedly committed with respect to these notices (for example, under plaintiffs' Section 2923.5 claim), but the Truth in Lending Act applies only to the origination and management of the Ditto mortgage loan accounts. Because California Reconveyance played no role as a creditor of these loans (unlike defendant Long Beach, who originated the loans, and the FDIC, who now appears to bear liability for them), no claim can be stated against this defendant under the Truth in Lending Act. The motion to dismiss the Truth in Lending Act as to defendant California Reconveyance is **GRANTED**.

Movants also argue that the complaint fails to establish entitlement to recision or damages for violation of the Truth in Lending Act. Recision and damages are remedies, not statutory requirements. Without taking a position on whether plaintiffs ultimately will be able to prove entitlement to these remedies, this order finds that movants' *remedy*-based argument does not demonstrate that plaintiffs fail to state a *claim* for violation of the Truth in Lending Act. To the extent it applies to parties other than California Reconveyance, the motion to dismiss the Truth in Lending Act is **DENIED**.

### F. Injunctive Relief

Plaintiffs assert a claim for "injunctive relief" against defendants JPMorgan and Long Beach (Compl. 11–12). Injunctive relief, however, is a remedy — not a claim for relief. On this basis, the motion to dismiss the injunctive relief claim is **GRANTED**. Movants' other arguments why this claim should be dismissed need not be reached.

### G. Intentional Infliction of Emotional Distress

Plaintiffs assert a claim for intentional infliction of emotional distress against all defendants. Movants argue that none of the essential elements of this claim were pled adequately in the complaint. The elements of the tort of intentional infliction of emotional distress are "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or

9

extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Christensen v. Superior Court of Los Angeles County*, 820 P.2d 181, 54 Cal. 3d 868, 903 (Cal. 1991). To be considered outrageous, conduct must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Ibid.*

The complaint brands defendants' conduct as "outrageous" in a conclusory manner and alleges that this conduct "was done with the knowledge that it would cause Plaintiff to suffer sever emotional distress," but the complaint does not provide any supporting factual allegations (Compl. 12–13). If true, defendants' alleged failures to make required disclosures and inquiries are shameful, but none of the facts alleged in the complaint raise these failures to the level of an outrageous scheme calculated to inflict emotional suffering on the Dittos. As such, the complaint fails to state a claim for intentional infliction of emotional distress. The motion to dismiss the claim for intentional infliction of emotional distress is **GRANTED** without prejudice to Frank Ditto seeking leave to amend his complaint. Movants' arguments regarding the other elements of this claim need not be reached.

**CONCLUSION**

For the reasons stated, the motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. Because plaintiff Julie Ditto lacks standing to bring any of the claims in this action, she is **DISMISSED** from the action. Because defendant JPMorgan assumed no liability on the Ditto Loans, all claims against JPMorgan are **DISMISSED**. The claim for violation of the Truth in Lending Act is **DISMISSED** as to defendant California Reconveyance. The claims asserted for negligence, unfair trade practices, violation of the Fair Credit Reporting Act, injunctive relief, and intentional infliction of emotional distress are wholly **DISMISSED**. The only claims that now remain in the action are (1) Frank Ditto's claims against Long Beach and California Reconveyance for wrongful foreclosure and (2) Frank Ditto's claim against Long Beach for violation of the Truth in Lending Act.

Within **FOURTEEN CALENDAR DAYS**, plaintiffs may file a motion on the normal 35-day track seeking leave to file amended pleadings that might save any of the dismissed claims. A proposed amended complaint must be appended to such a motion, and the motion should explain

clearly why the amended complaint overcomes the deficiencies stated herein. If the proposed amendments do not address these deficiencies, they will not be allowed.

As stated at the hearing, any trustee or foreclosure sale of the subject property is **STAYED** until at least February 28, 2011.

**IT IS SO ORDERED.**

Dated: January 10, 2011.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE