IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK DITTO,<br><br>    Plaintiff,<br><br>  v.<br><br>JP MORGAN CHASE N.A., LONG BEACH MORTGAGE COMPANY, and CALIFORNIA RECONVEYANCE,<br><br>    Defendants.<br>                                                              / | No. C 10-03979 WHA<br><br>**ORDER OF DISMISSAL** |

Defendants JP Morgan Chase N.A. and California Reconveyance Company were dismissed from this action, and the only remaining defendant, Long Beach Mortgage Company, did not appear to have ever been served with the complaint (Dkt. Nos. 38 and 48). Plaintiff's counsel was ordered to respond by June 20 and show cause why this action should not be dismissed against defendant Long Beach pursuant to FRCP 4(m), and this case closed.

Plaintiff's counsel timely responded with three filings: (i) a "motion to amend complaint and modification of scheduling"; (ii) a document that is labeled on the docket as "Affidavit of Service Long Beach Mort. Co," but which upon opening is actually a summons and affidavit of service on J.P. Morgan Chase; and (iii) a "declaration of attorney in opposition to OSC."

None of these filings show cause why this action should not be dismissed against defendant Long Beach Mortgage Company pursuant to FRCP 4(m). Suspicions are confirmed that defendant Long Beach was never served and good cause has not been shown. Therefore,

pursuant to FRCP 4(m), this action is **DISMISSED** against defendant Long Beach Mortgage Company without prejudice.

No defendants remain — as reviewed above, all have been dismissed. Yet, as stated, plaintiff moves for leave to file an amended complaint. Plaintiff's counsel ignores the fact that an order granting in part and denying in part a motion to dismiss — which order was dated January 10, 2011 (Dkt. No. 38) — set a deadline of fourteen calendar days from that order for plaintiff to file a motion for leave to file an amended complaint. No such motion was filed. In addition, a case management scheduling order set a deadline of April 29 for plaintiff to seek leave to add any new parties or pleading amendments. Based on the foregoing and the lack of good cause shown for the lengthy delay, plaintiff's motion is **DENIED**.

**THE CLERK SHALL CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: June 21, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE